JOHN TYMCZYSZYN
John T Law, PLLC
700 112th Ave NE, Suite 300
Bellevue, WA 98004
Telephone: 425.533.2156

THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Travis Bearden,<br><br>                    Plaintiff,<br><br>     v.<br><br>City of Ocean Shores, WA,<br><br>                    Defendants. | NO.  3:21-cv-5035<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

## I.     INTRODUCTION

1.     This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA) and is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

2.     Plaintiff, Travis Bearden ("Plaintiff" or "Mr. Bearden"), by and through his undersigned attorneys, brings this Complaint against the City of Ocean Shores (hereafter "Defendants"), and alleges as follows:

## II.     PARTIES AND JURISDICTION AND INTRADISTRICT ASSIGNMENT

3.     Mr. Bearden resided in the State of Washington and was an employee of Defendants at all times pertinent hereto.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

4. At all times relevant to this lawsuit Mr. Bearden was an enlisted in the United States Army Reserves.

5. Defendant, City of Ocean Shores is an employer in Washington.

6. The above Defendant exercised control over the employment benefits and opportunities of Mr. Bearden, was a primary decision maker regarding Defendants' violation of Mr. Bearden rights, and for the purposes of 38 U.S.C. §§ 4303(4) and 4323(c)(2) is a private employer.

7. All acts complained of occurred within the Western District of Washington.

8. The Federal Court for the Western District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 38 U.S.C. § 4323(b), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a).

9. Venue is proper in the Western District of Washington under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions complained herein occurred in the District and Defendants conduct business there.

10. This action arose in Ocean Shores, Washington in Grays Harbor County; therefore, pursuant to local rules it should be assigned to the Tacoma Division of the Western District of Washington.

## IV.   FACTS

11. In 2007, Mr. Bearden was hired as a firefighter/paramedic by the City of Ocean Shores, WA.

12. In 2013, Mr. Bearden joined the Army Reserves as a 68W healthcare specialist.

13. In late 2013, Mr. Bearden attended Army basic training (AKA Boot Camp).

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

14. In March 2014, Mr. Bearden returned from his Army basic training to his employment with the City of Ocean Shores, WA.

15. In March 2014, Mr. Bearden was advised by co-worker, Matthew Welander, that the Defendants had attempted to find a legal method to terminate his employment due to his military obligations, but were unable to do so.

16. In September 2018, Mr. Bearden requested military leave accrued under RCW 38.40.060.

17. Defendants refused to provide Mr. Bearden that military leave, claiming that he did not have written orders.

18. In November 2019, Mr. Bearden was activated under Title 32 for active-duty.

19. In October 2020, Mr. Bearden requested military leave accrued under RCW 38.40.060.

20. In October 2020, Mr. Bearden made a complaint for the violation of his USERRA rights to the Employment Support of the Guard and Reserve (ESGR).

21. The ESGR contacted Defendants regarding Mr. Bearden's USERRA complaint.

22. On October 30, 2020, Dani Smith, Defendant's Human Resources Specialist, sent Mr. Bearden an email and denied his military leave request.

23. On information and belief, the denial of paid leave caused Mr. Bearden and his family to lose insurance coverage and benefits, because he had no paid hours during the month.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

24. On information and belief, Defendants failed to make timely contributions to Mr. Bearden's retirement upon his return from military service.

25. Defendants' actions are the direct and proximate cause of Mr. Bearden's damages.

26. As a result of Defendants' unlawful conduct in violation of USERRA and Washington law, Mr. Bearden has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.  Further, as a result of Defendants' unlawful conduct and the necessity of this action to seek a remedy, Mr. Bearden fears further retaliation (*i.e.,* continued attempts by the Defendant to unlawfully terminate the employment of Mr. Bearden by using a false pretext of false reasons for discipline or termination). As such, any employment relationship that Mr. Bearden may have enjoyed with Defendants prior to the filing of this action is irreparably damaged through no fault of Mr. Bearden.

27. Upon information and belief, Defendants are a party to contracts with the Federal Government and/or State of Washington which prohibit Defendants from discrimination against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

28. At all times relevant hereto, Defendants had a duty to conduct themselves in compliance with the law, including USERRA and ensure its managers and agents followed the Act.

29. The above-referenced actions by Defendants, and their agents, breached those duties.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

30. To the extent that Defendants allege application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

31. Upon information and belief, Defendants maintained workplace posters that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

32. Defendants are highly trained professionals, with immediate access to the provisions of USERRA and the laws of the state of Washington, with the support of a sophisticated Human Resources Department, including immediate access to professional human resources personnel, and specially trained employment counsel.

## V.  CAUSES OF ACTION

### (COUNT 1 VIOLATION OF 38 U.S.C. § 4302(b))

Defendants violated 38 U.S.C. § 4302(b) of USERRA, among other ways, by:

a. Maintaining a military leave policy that violates the provisions of USERRA;

b. Imposing additional requirements in contravention of 38 U.S.C. § 4316 (b) and (d);

c. Imposing additional requirements in contravention of 20 C.F.R. 1002.87;

d. Imposing additional requirements in contravention of 20 C.F.R. 1002.104;

e. Imposing additional requirements in contravention of 20 C.F.R. § 1002.121;

f. Characterizing Mr. Bearden's employment status in contravention of 20 C.F.R. § 1002.149.

g. Imposing additional requirements in contravention of 20 C.F.R. § 1002.153(a).

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

**(COUNT 2 VIOLATION OF 38 U.S.C. § 4311(a))**

Defendants violated 38 U.S.C. § 4311(a) of USERRA, among other ways, by:

a. Denying pay and benefits of employment based on Bearden's obligation to perform military service; and

b. Imposing additional prerequisites to employment benefits based on Mr. Bearden's obligation to perform military service.

**(COUNT 3 VIOLATION OF 38 U.S.C. § 4311(b))**

Defendants violated 38 U.S.C. § 4311(b) of USERRA, among other ways, by:

a. Taking adverse employment actions against Mr. Bearden following his complaint that the city was violating his rights under USERRA;

b. Taking adverse employment actions against Mr. Bearden following Mr. Bearden's complaint to ESGR that the city was violating his rights under USERRA; and

c. Denying Mr. Bearden proper pay and benefits of employment in retaliation for his exercise of his rights under USERRA.

**(COUNT 4 VIOLATION OF 38 U.S.C. § 4316(b))**

Defendants violated 38 U.S.C. § 4316(a)-(b) of USERRA, among other ways by:

a. Denying Mr. Bearden rights and benefits determined by seniority;

b. Denying Mr. Bearden other rights and benefits not determined by seniority.

**(COUNT 5 VIOLATION OF 38 U.S.C. § 4316(d))**

Defendants violated 38 U.S.C. § 4316(d) and 20 C.F.R. § 1002.153(a) among other ways, by denying Mr. Bearden paid military leave accrued under RCW 38.40.060, while on orders.

/////

**(COUNT 6 VIOLATION OF 38 U.S.C. § 4318))**

48. Defendant violated 38 U.S.C. § 4318 of USERRA, among other ways, by maintaining a retirement plan that imposes requirements on servicemembers beyond those required or permitted by USERRA and by (1) placing additional prerequisites on Mr. Bearden's right to receive service credits immediately upon reemployment; and (2) refusing to credit Mr. Bearden's retirement plan with service credits that he accrued while on active-duty military service.

**(LIQUIDATED DAMAGES UNDER 38 U.S.C. § 4323(d))**

Mr. Bearden is entitled to liquidated damages under 38 U.S.C. § 4323(d) of USERRA because:

a. He gave Defendants multiple warnings that their actions violated USERRA;

b. Defendants knew of Mr. Bearden's USERRA rights;

c. Defendants recklessly disregarded Mr. Bearden's rights and warnings;

d. Defendants recklessly disregarded the obligations of their own contracts with the United States or State of Washington, if any; and

e. Defendants recklessly disregarded their own posted USERRA notices.

**V.   PRAYER FOR RELIEF**

Plaintiff respectfully prays for:

a. An Order declaring as a matter of law, Defendant's military leave policy violates USERRA by placing additional prerequisites on Mr. Bearden's right to receive benefits of employment.

b. An Order requiring that Defendants comply with USERRA by immediately.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

     c.    An Order declaring as a matter of law, Defendant's refusal to credit Mr. Bearden with service credits he accrued while on active-duty military service violates USERRA.

     d.    An Order requiring Defendant to make up all missing contributions to Mr. Bearden's retirement account within 30-days of when he returns to work following the completion of qualifying military leave.

     e.    Equitable relief as mandated by Congress pursuant to 38 U.S.C. § 4323(e), including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter, and as necessary to prevent future harm to Mr. Bearden and other servicemembers.

     f.    An Order declaring as a matter of law that Defendant's violations of USERRA were willful, pursuant to 38 U.S.C. § 4323(d)(1)(C); and

     g.    Compensation for all injury and damages suffered by Mr. Bearden including, but not limited to, both economic and non-economic damages, in the amount to be proven at trial including back pay, front pay, pre and post judgment interest, lost benefits of employment, adverse tax consequences of any award for economic damages, liquidated damages for willful violations as it relates to the improper withholding of wages and benefits and general damages relating to emotional distress and mental anguish damages as provided by law.

     h.    Plaintiff's reasonable attorneys, expert fees, and costs, pursuant to 38 U.S.C. § 4323, and as otherwise provided by law, as well as the private attorney general theory of recovery of reasonable attorney fees and costs in employment related cases.

i. An Order enjoining Defendants from applying its illegal policies to Mr. Bearden;

j. An Order requiring Defendants to include a written statement in Mr. Bearden's employment file stating Defendant's violated Mr. Bearden's USERRA rights leading to this litigation, and Order that Defendants must disclose that in all future employment inquiries.

k. For such other and further relief as this Court deems just and equitable.

## VI    JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Respectfully submitted this January 13, 2021.

/s/ John M. Tymczyszyn
JOHN M. TYMCZYSZYN
John T Law, PLLC
700 112th Ave NE, Suite 300
Bellevue, WA  98004
Telephone: 425.533.2156

/s/ Thomas G. Jarrard
THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290

Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 9