UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAVIS BEARDEN,

              Plaintiff,

   v.

CITY OF OCEAN SHORES,

              Defendant.

CASE NO. C21-5035 BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

This matter comes before the Court on Plaintiff Travis Bearden's motion for leave to amend. Dkt. 11. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Bearden is an employee of the Ocean Shores Fire Department and is a reservist and member of the Washington State National Guard. Dkt. 1, ¶¶ 3, 12. This action arises out of Defendant City of Ocean Shores' alleged violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). *Id.* ¶ 27. Bearden now moves to amend his complaint to add Crystal Dingler, the Mayor of Ocean Shores, as a

1    defendant for alleged violations of USERRA and the Washington Law Against
2    Discrimination ("WLAD"). Dkt. 11.
3        The Court set a deadline for amended pleadings to be filed by June 17, 2021. Dkt.
4    10. Bearden asserts that he served the City with discovery requests on April 23, 2021 and
5    that the City responded on June 1, 2021. Dkt. 11 at 2. The City listed Mayor Dingler and
6    former Fire Chief David Bathke as witnesses with firsthand knowledge in this case. *Id.*
7    Bearden's counsel then interviewed Bathke and asserts that he learned of "an outrageous
8    pattern of conduct and conspiracy by Mayor Dingler." *Id.* Bathke provided Bearden's
9    counsel with a signed affidavit on July 22, 2021. Dkt. 14-1, ¶ 11. Bearden was then
10   deposed on July 27, 2021. *Id.* ¶ 12. Bearden's counsel asserts that, because he did not
11   hear any contradictory evidence or testimony regarding the facts involving Mayor
12   Dingler, he filed the instant motion for leave to amend after the deposition. *Id.* ¶¶ 12–14.
13       Bearden filed the motion for leave to amend on July 27, 2021—after his
14   deposition. Dkt. 11. On August 9, 2021, the City responded. Dkt. 12. On August 12,
15   2021, Bearden replied. Dkt. 14.

16                            **II.   DISCUSSION**

17   **A.    Rule 16**
18       "[W]hen a party seeks to amend a pleading after the pretrial scheduling order's
19   deadline for amending the pleadings has expired, the moving party must satisfy the good
20   cause' standard of Federal Rule of Civil Procedure 16(b)(4), which provides that [a]
21   schedule may be modified only for good cause and with the judge's consent, rather than
22   the liberal standard of Federal Rule of Civil Procedure 15(a)." *In re W. States Wholesale*

*Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (internal quotations omitted). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If [the moving] party was not diligent, the inquiry should end." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609).

The parties dispute whether Bearden has good cause to justify the amendment. Bearden agues that, prior to the City's responses to his discovery requests, he was unaware of Bathke as a firsthand witness and that he has been diligent in verifying Bathke's assertions about Mayor Dingler. Dkt. 14 at 4–6. The City argues that Bearden has presented no evidence as to why he could not have sought this amendment within the deadlines. Dkt. 12 at 5. The Court concludes, however, that Bearden diligently pursued and verified Bathke's new assertions about Mayor Dingler's involvement with this case in accordance with his counsel's Rule 11 obligations. Because Bearden was diligent and new facts were learned and verified after the amendment deadline, the Court finds that Bearden has good cause to amend his complaint. Thus, Rule 16 is satisfied, and the Court turns to Rule 15 analysis.

**B.     Rule 15**

If a court finds good cause for leave to amend under Rule 16(a), the court next considers, pursuant to Rule 15, the propriety of the amendment based on "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5)

whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir 1990).

The City asserts that the amendment amounts to undue delay and bad faith, would be futile, and would prejudice it. Dkt. 12 at 6–7. As discussed above, the Court has concluded that there is no undue delay to Bearden's proposed amendment. Additionally, there is no bad faith. Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). It includes amendments filed frivolously or for an improper purpose. *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990). Bearden and his counsel's actions in moving the Court for leave to amend do not amount to this high standard. The proposed amendments are not intended to prolong the litigation nor were they filed frivolously or for an improper purpose.[1] The first two factors precluding amendment are not met.

The City also asserts that amendment would be futile as to Bearden's proposed WLAD claim against Mayor Dingler because Bearden testified that he has not suffered any adverse job actions during his employment with the City. Dkt. 12 at 7–8. A court may deny leave to amend "where the amendment would be futile . . . or where the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829,

---

[1] Bearden's counsel asserts that he waited until after Bearden's deposition to file the instant motion to ensure that no new contradictory facts were discovered and to ensure compliance with Rule 11. Dkt. 14-1, ¶¶ 13–14. Bearden's counsel could have verified this information with his client prior to the deposition, but the delay from July 22, 2021 (the date of Bathke's affidavit) to July 27, 2021 (the date of the motion's filing) is not so great to amount to bad faith or undue delay.

843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rukoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). WLAD prohibits employers from discriminating against any person in compensation or other conditions of employment because of, *inter alia*, military status. RCW 49.60.180(2). Bearden's proposed amended complaint alleges that he was denied paid leave and that he suffered a loss of earnings, among others. *See* Dkt. 11-1, ¶¶ 23–26. And though the full record is not presently before the Court, it appears that economic damage was discussed during Bearden's deposition. Dkt. 14-1, Ex. B., at 12. Bearden has alleged (and apparently testified to) the economic damage he has suffered sufficient to state a WLAD claim. The City has therefore failed to show that Bearden's amendment would be futile.

      Similarly, there would be minimal prejudice to the City and Mayor Dingler. The City asserts that because it concluded Bearden's deposition, it cannot now question Bearden as to his new claims and allegations. Dkt. 12 at 6. But the discovery deadline is November 1, 2021, Dkt. 10, and the City's counsel explicitly reserved the right to reopen Bearden's deposition, *see* Dkt. 14-1, Ex. B, at 13. The Court is not persuaded that the City or Mayor Dingler would be substantially prejudiced by amendment to include Mayor Dingler as a defendant or that the delay is sufficiently egregious to deny amendment. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006). If in light of the Court's granting this motion the City finds that it requires

additional discovery to fairly present its case and prepare for trial, the Court would consider a motion for a continuance.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff Bearden's motion for leave to amend, Dkt. 11, is **GRANTED**. Bearden shall file his amended complaint within **14 days** of this Order.

Dated this 28th day of September, 2021.

BENJAMIN H. SETTLE
United States District Judge