UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRAVIS BEARDEN,

Plaintiff,

v.

CITY OF OCEAN SHORES, et al.,

Defendants.

CASE NO. C21-5035 BHS

ORDER

THIS MATTER is before the Court on plaintiff Travis Bearden's motion for summary judgment, Dkt. 61.

The parties are familiar with the facts and arguments. Plaintiff Bearden, an Army reservist and an Ocean Shores firefighter, sued Ocean Shores in January 2021, asserting multiple USERRA claims (including retaliating against him because of his military status or for exercising his USERRA rights), based on its alleged violation of RCW 38.40.060 by failing to pay him up to 21 days of military leave from his job while he was on extended, active-duty military leave. Dkt. 1. His September 2021 amended complaint

ORDER - 1

added Ocean Shores Mayor Crystal Dingler[1] as a defendant, and added a WLAD claim, asserting that Dingler and the City had discriminated against him. He affirmatively alleged that the defendants' conduct had "constructively discharged" him, and he sought a declaratory judgment to that effect. Dkt. 23 at 11.

On October 28, 2021, Bearden filed a motion for a Service Members' Civil Relief Act (SCRA) stay, based on his Orders to Full Time National Guard Duty through September 2022. Dkt. 30. The Court stayed the case, including defendants' then-pending summary judgment motion, Dkt. 28. Dkt. 35. On June 6, 2022, Bearden filed a "notice of release from active duty" and asked the Court to lift the SCRA stay. Dkt. 45.

The Court granted the Defendants' summary judgment motion. Dkt. 48. It dismissed with prejudice Bearden's USERRA claims, including his core denial of benefits claim for 21 days of RCW 38.40.060 paid military leave between October 1, 2020, and September 30, 2021. It agreed with the City's contention that, because Bearden was deployed, he was not "scheduled to work" any day during that period. Dkt. 48 at 18. It also dismissed with prejudice Bearden's constructive discharge claim, because there was no evidence he had quit. *Id*. at 22. Bearden appealed.[2]

The Ninth Circuit certified to the Washington Supreme Court the question, "Is a public employee entitled to paid military leave under Wash. Rev. Code Ann. §38.40.060

---

[1] Crystal Dingler passed away in 2021. Kurtis Dingler was substituted as the personal representative of her estate. Dkt. 69.

[2] Bearden did not appeal the dismissal of his USERRA pension, WLAD, or constructive discharge claims. Dkt. 65 at 5.

ORDER - 2

if the employee is not 'scheduled to work' by the employer because the employee is on active duty during an extended military leave of absence?" Dkt. 53.

The Washington Supreme Court explained that the statute does not require a servicemember to be "scheduled to work" to be eligible for up to 21 days of pay while on extended, active duty military leave, and answered the certified question in the affirmative:

> Yes, a public employee is entitled to paid military leave under RCW 38.40.060 even if they are not scheduled to work by the employer because the employee is on active duty during an extended military leave of absence.

*Bearden v. City of Ocean Shores*, 5 Wn.3d 1 at 19 (2025).

In a short memorandum opinion, the Ninth Circuit vacated this Court's summary judgment order and remanded the case for further proceedings. It did not address Bearden's USERRA discrimination or retaliation claim. Dkt. 54.

Bearden now seeks summary judgment on the City's liability on his USERRA denial of benefits and discrimination claims, leaving for the jury the amount of his damages. Dkt. 61. His motion is based on the Washington Supreme Court's opinion. He contends that he has been in "continuous" military service throughout this case, *Id.* at 11,12, 13, and that he is therefore entitled to 21 paid military leave days per year, from 2020 "through the present day." Dkt. 61-2 at 2.

Bearden also seeks summary judgment on his USERRA discrimination claim, asserting that the City discriminated against him based on his military status, by failing to pay him the 21 days' leave for each year that he was "a member of the armed services." Dkt. 61 at 12.

ORDER - 3

The City concedes that Bearden is entitled under RCW to 21 days of paid leave for the October 1, 2020 – September 30, 2021 military fiscal year. But it disputes that Bearden is entitled to paid military leave for the following fiscal years, 2021–2026, arguing he cannot establish as a matter of law that he remained and remains a City employee. Dkt. 62 at 9–12. It also argues Bearden cannot establish as a matter of law that it discriminated or retaliated against him for his military status; it did not pay him because he was not scheduled to, and did not, work for the City during that year. Dkt.62 at 10.

The City argues that Bearden alleged in his September 2021 Amended Complaint that the City and its Mayor constructively discharged him. It contends that, consistent with the factual allegation that he no longer worked for the City, Bearden ceased attempting to work for (or even communicating with) the City, years ago. Dkt. 62 at 2. It argues that Bearden's employment status after at least September 2021 is a factual question precluding summary judgment in Bearden's favor. *Id.* at 12.

Bearden responds that the City is judicially estopped from arguing that he was constructively discharged. He contends that the Court has already ruled in its 2022 summary judgment order, Dkt. 45, that Bearden could *not* prove that he was constructively discharged, in part because there was "no evidence he quit his job with the City." Dkt. 65 at 4 (citing Dkt. 48 at 8). Bearden argues that because the City prevailed on his constructive discharge claim, it cannot now argue the contrary position, that he *was* constructively discharged. *Id*. at 5. He also argues the fact that he was not constructively discharged is the law of the case. *Id*. at 5–6.

ORDER - 4

To establish constructive discharge, a plaintiff employee must prove that his employer engaged in a deliberate act, or a pattern of conduct, that made working conditions so intolerable that a reasonable person would have felt compelled to resign. *Sneed v. Barna,* 80 Wn. App. 843, 849–50, *review denied,* 129 Wn.2d 1023 (1996). This is an objective standard, and an "employee's subjective belief that he had no choice but to resign is irrelevant." *Travis v. Tacoma Pub. Sch. Dist.,* 120 Wn. App. 542, 551, (2004).

Judicial estoppel is an equitable doctrine invoked to prevent a party from gaining an advantage by taking inconsistent positions and to preserve the orderly administration of justice and regard for the dignity of judicial proceedings by protecting against a litigant "playing fast and loose with the courts." *See Milton H. Greene Archives v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)). It "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (citing *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). By prohibiting parties from "deliberately changing positions according to the exigencies of the moment," it protects the judicial process's integrity. *Id*. at 743.

The circumstances under which judicial estoppel may be invoked are not reducible to a general formulation. Nevertheless, the Supreme Court has identified three factors that help inform a Court's decision: (1) whether a party's later position is clearly inconsistent with its earlier position, (2) whether the party has succeeded in persuading a court to accept its earlier position, and (3) whether the party seeking to assert the inconsistent

position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Pegram*, 530 U.S. at 227.

Bearden's judicial estoppel argument misapprehends the City's argument, the Court's prior ruling, and his burden on summary judgment and at trial. It is certainly true that Bearden's constructive discharge has been conclusively decided against him. But a defendant employer seeking and obtaining summary judgment by arguing and demonstrating that the plaintiff employee cannot prove it constructively discharged him does not amount to an admission or a judicial determination that the plaintiff still works for the defendant. It certainly does not establish that "fact" years into the future. The plaintiff retains the burden of proof on the factual predicate—that he remains a public employee—for his claim for RCW 38.40.060 benefits through the present day.

The City's successful summary judgment argument on Bearden's constructive discharge claim does not judicially estop it from asserting that Bearden cannot prove he remains a City employee.

Indeed, Bearden's own September 2021 factual allegation that the City, its Mayor, and others successfully worked together to "to push him out of employment"—a part of his constructive discharge claim—is itself inconsistent with the contention that he still works for the City. Dkt. 20 at 13.

Bearden's motion for summary judgment on his claim for 21 days of leave per year through the present day, Dkt. 61 at 14, necessarily relies on a factual determination that he still works as an Ocean Shores fire fighter. This position is inconsistent with his prior pleading. His alternating positions suggest that he, and not the City, is "deliberately

changing positions according to the exigencies of the moment." Bearden's change in position is more dramatic than is the City's October 2021 argument that there was no evidence supporting his constructive discharge claim, Dkt. 28, and its current argument that he can't prove he still works there. The City does not have to prove, and the jury need not find, that the City's conduct constructively discharged Bearden, for the jury to nevertheless conclude that Bearden did not "remain a public employee" after 2021.

Nevertheless, the Court is not going to resolve this plainly material, disputed factual question through judicial estoppel. And it cannot resolve it in Bearden's favor on summary judgment.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

A service member is entitled to up to 21 days of "paid military leave for absences to report for military duty, regardless of whether they are in the reserves, actively deployed, in training, or assigned to drills," "*as long as the service member remains a public employee*." *Bearden*, 5 Wn.3d at 11 (emphasis added). The Supreme Court did not hold that every public employee servicemember is automatically entitled to 21 days for each year he is in the military, and they need not attempt to work even when they are *not* on active duty on an extended military leave of absence.

There is no evidence in the record that Bearden has "remained" a City employee, since at least 2021. Bearden's motion does not even contend that he remained or remains an Ocean Shores employee. Instead, the declaration he filed in support of his motion attests only that he still has 215 days before he reaches the "USERRA 5-year limit, at which time I intend to return to the City of Ocean shores." Dkt. 61-1 at 3. But the record contains no statement or assertion that he currently *is* an employee. Bearden provides no evidence supporting the conclusion that due to his active duty military commitments, he was unable to work for the City, at all, over the past five years.

Instead, viewed in the light most favorable to the non-moving City, Bearden's own evidence supports the conclusion that he is not and has not been for some time a City employee. This is consistent with the factual allegation, necessarily implied by his

ORDER - 8

constructive discharge claim, that he quit his job five years ago. At the very least, it casts doubt on his contention that he is entitled to paid military leave because he was not able to be scheduled to work because he was on an active duty "extended military leave of absence." His own evidence contradicts such a claim.

Bearden informed the Court and the City in June 2022 that he had been "release[d] from active duty." Dkt. 45. Bearden's own summary of his military orders and status over time demonstrate that between May 19, 2022, and October 24, 2022—a period of **158 days**—Bearden was on reservist annual training for a total of **18 days;** 15 in June and 3 in July:

| 17-Mar-22 | 51-2076-00110 | 22MAR22 - 18MAY2: | FTNGD-OS / Professional | 58 | Critical Care Paramedic Training / School |
| 3-Jun-22 | : 51-154-0072 | 04JUN22 - 18JUN22 | Annual Training | 15 | Annual Training |
| 5-Jul-22 | 51-186-0122 | 06JUL 22 - 08JUL22 | Annual Training | 3 | CI-140th Gunnery Medical Support |
| 21-Oct-22 | 51-294-0025 | 25OCT22 - 08NOV2: | Annual Training | 15 | 1-168 GSAB Training and Support |

Dkt. 61-1 at 38.

There is no evidence or argument explaining why these military orders precluded Bearden from working as a City employee during the 140 days that he was not "on orders" or on active duty in 2022, or at any time after. There is no evidence that Bearden worked for, or even contacted, the City during this or any other period dating back at least five years.

Indeed, Bearden's expert reported in 2021 that Bearden had "no prospect" for continued employment with the City, and that he intended instead to pursue alternate employment:

> Mr. Bearden intended to return to his employment as a Lieutenant at the Ocean Shores Fire Department upon the completion of his current military orders on or about August 27, 2021. However, due to the unlawful actions of the Defendants, it is my understanding that Mr. Bearden has effectively been constructively discharged from his employment as *he now has no prospect for continued employment at Ocean Shores Fire Department. Instead, Mr. Bearden intends to extend his military leave before seeking alternative employment.*

Dkt. 63 at 8 (emphasis added). The only evidence currently in the record points squarely to the conclusion that Bearden did *not* remain a public employee after October 2021.

Bearden has not met his summary judgment burden of demonstrating that, viewed in the light most favorable to the City, the evidence leads to the conclusion that he remained a public employee after 2021. This failure precludes summary judgment on his RCW 38.40.060 and USERRA denial of benefits claim after October 2021. His motion on that claim is **DENIED**.

Bearden also seeks summary judgment on his USERRA retaliation claim, asserting that the "only reason" he was denied paid military leave—a statutory employment benefit—was because of his military service obligations. Dkt. 61 at 16. The City contends that it did not deny Bearden's military leave "in retaliation for his exercise of USERRA rights" but because he was not scheduled to, and did not work for the City. Dkt. 62 at 10.

ORDER - 10

To establish a prima facie USERRA retaliation claim, an employee must prove: (a) membership in the armed services or an action taken to enforce a protection afforded under USERRA; (b) an adverse employment decision; and (c) that the employee's protected status was a "motivating factor" in the employer's adverse decision. 38 U.S.C. §4311(b), (c)(1)-(2); *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). Materially adverse actions include termination, demotion accompanied by a decrease in pay, or a material loss of benefits." *Crews v. City of Mt. Vernon*, 567 F.3d 860, 869 (7th Cir. 2009).

Viewing the evidence in the light most favorable to the City, there is a genuine question as to whether Bearden's military status was a motiving factor in the denial of his paid military leave benefit. The evidence suggests that the City's failure to pay was based not on his military status, but because it read the statute to require Bearden to be "scheduled to work" during the relevant period to obtain paid military leave. The error of this reading was ascertainable only after this Court agreed with the City, the Ninth Circuit was not sure, and the Washington Supreme Court issued a lengthy opinion explaining for the first time that, despite its language, the statute did *not* require the public employee to be scheduled to work to be entitled to up to 21 days of military leave per year if he was on active duty and on an extended military leave of absence. The City's motive for failing to pay Bearden prior to that opinion presents a genuine issue of material fact. Bearden's motion for summary judgment on his USERRA retaliation claim is **DENIED**.

The City concedes that, under the Supreme Court's opinion and the Ninth Circuit's mandate, Bearden is entitled to summary judgment on Bearden's denial of

benefits claim for 21 days of military leave during 2020–21 fiscal year. His summary judgment motion on that claim for that specific period is **GRANTED**. The parties should work in good faith to resolve the damages owed for the conceded period. There is no reason to delay resolution of that portion of the case.

Bearden's motion for summary judgment, Dkt. 61, is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 12